UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | MAG. JUDGE NO. 2:19-MJ-630 |
| | § | |
| JOSEPH NORTON | § | |

**MEMORANDUM OPINION AND
ORDER OF DETENTION PENDING TRIAL**

A detention hearing has been held in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). The following requires detention of the defendant pending trial in this case:

(1) There is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(b)(1)(B); and

(2) The defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The evidence against the defendant meets the probable cause standard and the weight of the evidence against the defendant is strong. Task Force Officer Veronica Martinez testified at the defendant's detention hearing. Officer Martinez's testimony is summarized as follows. The defendant was originally

arrested by state authorities on February 12, 2019, after a traffic stop when the defendant was found to be in possession of approximately 16 grams of methamphetamine and drug paraphernalia.  The defendant was released on bond for the state charges on February 14, 2019.  The case was adopted federally, and the defendant was arrested by federal agents on February 25, 2019.  Federal agents also executed a search warrant at defendant's residence on February 25, 2019.  The federal agents recovered 38 grams of methamphetamine, 37 syringes "loaded" with heroin, drug paraphernalia and tools of drug trafficking including scales and packaging material. Additionally, federal agents recovered three pistols from the defendant's residence. The defendant is the only person who lives at the residence.

There is evidence before the Court that the defendant continued to engage in drug trafficking after being released on bond by the state authorities.  The most basic condition of any bond, explicit or implicit, is not to commit new law violations while released.  The defendant was either unwilling or unable to comply with this most basic condition of release.  Additionally, the defendant has a serious substance abuse problem and a significant criminal history.  The defendant is a poor candidate for bond and is ordered detained pending trial. The findings and conclusions contained in the Pretrial Services Report are adopted.

The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to

the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED this 8th day of March 2019.

_____
Jason B. Libby
United States Magistrate Judge